LUCY E. BRODBECK, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11647. Promulgated October 24, 1927.

DEDUCTION OF EXPENSES.—Petitioner, during 1921, was engaged in the real estate business and is entitled to a deduction for the ordinary and necessary expenses of that business.

*Charles I. Parlett, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

This proceeding results from respondent's assertion of a deficiency in income tax against this petitioner in the amount of $373.87 for the calendar year 1921.

Petitioner alleges that respondent erred in disallowing the deduction of $10,210.63 representing petitioner's real estate business expenses paid during the year 1921.

### FINDINGS OF FACT.

Petitioner's husband, prior to his death in 1919, had been a real estate operator and developer and he left considerable property but no accounts. Petitioner took over the business and employed her brother, George R. Jackson, to manage her affairs. During 1921 the real estate business was continued and an office was maintained in the Evertt Building, Akron, Ohio. Jackson, who did not know a great deal about accounting, set up a simple set of books in which were entered all receipts and disbursements. During the year 1921 petitioner's real estate business paid the following expenses:

| | |
|---|---:|
| Salaries | $6,896.50 |
| Office rent | 480.00 |
| Interest on borrowed capital | 917.02 |
| Advertising, telephone, light, stationery and transportation | 1,403.78 |
| Legal expense | 513.33 |
| Total | 10,210.63 |

Salaries paid were to Jackson, $1,200; to a stenographer, $824; and to one H. S. O'Neil, $4,872.50, for directing and conducting a campaign for the sale of petitioner's property holdings. Petitioner's office rent was $40 per month. At the beginning of the year 1921 the total indebtedness for money borrowed from banks for use in the real estate business amounted to approximately $22,000, and at the close of that year such indebtedness had been paid off to the extent of approximately $10,000. The books showed interest paid in the amount of $917.02. The balance of the expenses were incurred in the conduct of the business and were entered in the books as paid.

Jackson made out petitioner's return for the year 1921, showing no tax liability.

### OPINION.

TRUSSELL: The testimony contained in the record of this action clearly establishes the fact that during the year 1921 the petitioner, as the successor of her deceased husband, was carrying on a general real estate business; that the amount of $10,210.63 was the ordinary and necessary expense of carrying on that business, and, under section 214 (a) (1) and (2) of the Revenue Act of 1918 that amount should be allowed as a deduction from gross income.

> *There is no deficiency for the year 1921.*
> *Judgment will be entered for the petitioner.*

Considered by LITTLETON, SMITH, and LOVE.